UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-CR-165 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| RICHARD A. FINGER, JR., | |
| Defendant(s). | |
| COOL CANNABIS, INC., | |
| Garnishee. | |

Presently before the court is Carol Pfahl ("Ms. Pfahl")'s motion for name change of the victim. (ECF No. 18). The government did not file a response to Ms. Pfahl's motion.

On July 27, 2022, the District of Arizona transferred this case to the District of Nevada. (ECF No. 1). The criminal information provides that defendant Richard Finger, Jr. ("defendant") committed wire fraud in the Western District of Washington in 2011 against numerous individuals, one of whom was Ms. Pfahl's brother, Alan Stephen ("Mr. Stephen"). (ECF No. 1-1). Defendant was subsequently sentenced to 54 months' imprisonment. (ECF No. 1-3 at 2).

The judgment lists the individuals to whom defendant must pay restitution. One of these individuals is Mr. Stephen, who suffered a total loss of $1,326,294. (*Id.* at 6).

Ms. Pfahl's motion consists of one page wherein she states Mr. Stephen passed away in March of 2020, and she claims she is the beneficiary of his estate. (ECF No. 1 at 1). She attached

**James C. Mahan**
**U.S. District Judge**

Mr. Stephen's death certificate, last will and testament, and a probate order from the Eighth Judicial District of Nevada to buttress her claims. (ECF Nos. 1-1, 1-2, 1-3).

It is not within the jurisdiction of the court to interpret the estate-related documents Ms. Pfahl has provided. She may be the rightful heir to Mr. Stephen's estate, which includes restitution payments from defendant. However, Ms. Pfahl's motion does not ask the court to order defendant to make restitution payments to her; it asks to change the name of the victim in this case.

A victim is "a person harmed by a crime, tort, or other wrong." *Black's Law Dictionary* (11th ed. 2019). Relating to this case, Mr. Stephen suffered harm, not Ms. Pfahl. It therefore would be improper, and outside of the court's purview, to change the name of one of the victims retroactively.

Moreover, Ms. Pfahl's motion is unclear in asking what action she wants the court to take other than changing the name of the victim. As stated, *supra*, she may be entitled to receive any remaining restitution payments owed to Mr. Stephen given that she is possibly the beneficiary of his estate. However, a state agency such as the probate court of the Eighth Judicial District, which adjudicated the matter of Mr. Stephen's estate, should oversee whether Ms. Pfahl is entitled to these funds and how they should be distributed. This court does not have jurisdiction to determine that matter.

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Carol Pfahl's motion for name change of the victim (ECF No. 18) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

DATED November 22, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -