1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

UNITED STATES OF AMERICA,

Case No. 2:22-CR-165 JCM (DJA)

8

Plaintiff(s),

ORDER

9

v.

10

RICHARD A. FINGER, JR.,

11

Defendant(s).

12

COOL CANNABIS, INC.,

13

Garnishee.

14

15

Presently before the court is Carol Pfahl ("Ms. Pfahl")'s motion for reconsideration. (ECF

16

No. 20). The government did not file a response to Ms. Pfahl's motion.

17

On July 27, 2022, the District of Arizona transferred this case to the District of Nevada.

18

(ECF No. 1). The criminal information provides that defendant Richard Finger, Jr. ("defendant")

19

committed wire fraud in the Western District of Washington in 2011 against numerous individuals,

20

one of whom was Ms. Pfahl's brother, Alan Stephen ("Mr. Stephen"). (ECF No. 1-1). Defendant

21

22

was subsequently sentenced to 54 months' imprisonment. (ECF No. 1-3 at 2).

23

The judgment lists the individuals to whom defendant must pay restitution. One of these

24

individuals is Mr. Stephen, who suffered a total loss of $1,326,294. (*Id.* at 6).

25

26

Ms. Pfahl previously filed a motion for name change of the victim. (ECF No. 18). Her

27

prior motion consisted of one page wherein she stated that Mr. Stephen passed away in March of

28

2020, and she claimed she is the beneficiary of his estate. (ECF No. 1 at 1). She attached Mr.

**James C. Mahan**
**U.S. District Judge**

Stephen's death certificate, last will and testament, and a probate order from the Eighth Judicial District of Nevada to buttress her claims. (ECF Nos. 1-1, 1-2, 1-3).

The court denied the motion without prejudice, elucidating that it is not within the jurisdiction of the court to interpret the estate-related documents Ms. Pfahl had provided. (ECF No. 19 at 2).

Ms. Pfahl's instant motion is more direct in its request. She asks the court to order defendant to make restitution to her, as she once again states she is the beneficiary of Mr. Stephen's estate and includes the same testamentary documents. (ECF No. 20 at 1). Although she may be entitled to the restitution payments, Ms. Pfahl does not attach any binding legal authority supporting her argument that the court has the authority to take such action.

The court will not perform legal work on behalf of any party, including parties proceeding *pro se*. *See U-Haul Co. of Nevada v. Gregory J. Kamer, Ltd.*, No. 2:12-CV-00231-KJD, 2013 WL 4505800, at *2 (D. Nev. Aug. 21, 2013) ("the burden of representation lies upon [the parties], and not upon the [c]ourt . . . the idea that courts will not perform the work of representing parties is clear."); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). As stated, *supra*, Ms. Pfahl has not provided the court with any legal basis to grant her motion. The court must deny her motion for reconsideration.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Carol Pfahl's motion for reconsideration (ECF No. 20) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

DATED January 11, 2024.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -